UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RADZHABALI SHCRALISHOCVICH AZIMOV,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-02846-TMC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. ORDER

On August 11, 2026, Petitioner Radzhabali Shcralishocvich Azimov, who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), filed a petition for writ of habeas corpus (Dkt. 1) and a motion for a temporary restraining order ("TRO") (Dkt. 2). Because Petitioner has not shown an imminent likelihood of irreparable harm in the absence of a TRO, the Court DENIES the TRO motion.

A party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185

(W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction.").

Here, Petitioner has not demonstrated that he is likely to face imminent irreparable harm without a TRO. Petitioner argues that he currently experiences irreparable harm due to his confinement thousands of miles from where he lives. Dkt. 2 at 5. But the Court will resolve the issue of Petitioner's confinement when adjudicating the underlying habeas petition. The Court makes every effort to resolve habeas petitions promptly once the briefing is complete. If Petitioner seeks an expedited ruling on the habeas petition, he may contact the U.S. Attorney's Office for the Western District of Washington to discuss a potential briefing schedule, as explained in the scheduling order for this case. Dkt. 5 ¶ 5.

Petitioner also points to his previous transfer from Iowa to NWIPC to support his argument that "Respondents may transfer him again at any time." Dkt. 2 at 5; *see* Dkt. 3 ¶ 10. But Petitioner does not allege any current and individualized risk of transfer from NWIPC to another facility, and under the scheduling order, "Respondents shall provide Petitioner in this habeas action at least 7 days' notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States." Dkt. 5 ¶ 3. If Petitioner receives notice from Respondents of an upcoming transfer or removal that he opposes, he may move for a TRO enjoining such transfer or removal at that time. The Court also notes that if Petitioner believes he is a *Rodriguez Vazquez* class member, he may request a custody redetermination hearing based on the Ninth Circuit's ruling in that case.

For these reasons, the motion for TRO (Dkt. 2) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to USAWAW.ImmigrationHabeasService@doj.gov, and to any party appearing pro se at said party's last known address.

Dated this 11th day of August, 2026.

Tiffany M. Cartwright
United States District Judge