UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RADZHABALI SHCRALISHOCVICH AZIMOV,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-02846-TMC

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Radzhabali Shcralishocvich Azimov is a citizen of Tajikistan who entered the United States without inspection in December 2023. Dkt. 1 at 23; Dkt. 9 ¶¶ 3–4. Shortly after entry, he was detained by United States Border Patrol agents, received a notice to appear, and released on an order of recognizance ("OREC"). Dkt. 1 at 23–29; Dkt. 9 ¶¶ 4–5; Dkt. 10-2. On June 11, 2024, Petitioner applied for asylum based on a fear of political persecution in Tajikistan; that application remains pending. Dkt. 1 at 9–20; Dkt. 9 ¶ 6.

On June 27, 2026, authorities in Benton County, Iowa arrested Petitioner after he failed to stop at a weigh station. Dkt. 9 ¶ 7. Two days later, Immigration and Customs Enforcement ("ICE") arrested him after he was released from Benton County Jail. *Id.* ¶ 8; Dkt. 1 at 32–34. On

July 19, Petitioner was transferred to the Northwest ICE Processing Center, where he remains detained. Dkt. 1 at 3; Dkt. 9 ¶ 9. Petitioner's Benton County criminal charges remain pending. Dkt. 9 ¶ 7.

On August 11, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that Respondents have unlawfully subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2) and have violated his due process rights. Dkt. 1 at 3–6. Petitioner also filed a motion for a temporary restraining order (Dkt. 2), which the Court denied that same day. Dkt. 6. Two weeks later, Federal Respondents filed a return. Dkt. 8. Petitioner did not file a traverse within the deadlines set by the Court. *See* Dkt. 5.

The habeas petition is now ripe for the Court's review. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner first argues that the authority governing his detention is 8 U.S.C. § 1226(a), which permits release on bond. Dkt. 1 at 3. He further contends that ICE's decision to revoke his OREC and re-detain him without an individualized custody determination violates his due process rights. *Id.* at 5. He seeks immediate release from custody or, in the alternative, a bond hearing before an Immigration Judge. *Id.* at 3, 6.

Federal Respondents argue that because Petitioner was apprehended on arrival to the United States, he is subject to mandatory detention under § 1225(b)(2). Dkt. 8 at 5–6. Then, applying the procedural due process framework articulated by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), they assert that Petitioner received adequate process during his arrest and re-detention. *Id.* at 6–11.

The Court addresses each of these arguments in turn and concludes that Petitioner is entitled to a prompt post-arrest hearing but not immediate release.

**A. Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a).**

Petitioner is correct that his detention is governed by § 1226(a). This Court has explained that the government's treatment of a petitioner over the course of their removal proceedings is especially relevant in determining the applicable detention authority. *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, *5 (W.D. Wash. Nov. 26, 2025). Where, as here, a petitioner was released on an OREC after initial detention, he is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute. *Id.* at 7 (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007)). Federal Respondents argue only that Petitioner's initial apprehension at the United States border justifies his mandatory detention. *See* Dkt. 8 at 5–6. The Court therefore agrees with Petitioner that he is subject to discretionary detention under § 1226(a).

**B. Petitioner is entitled to a prompt post-deprivation hearing consistent with due process.**

Under the circumstances of this case, due process requires that Petitioner receive a post-deprivation hearing. Unlike other due process cases where courts in this district ordered immediate release based on failure to provide a pre-deprivation hearing—*see, e.g.*, *E.A. T.-B. v. Wamsley,* 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp.

3d 1130 (W.D. Wash. 2025); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-CV-01772-JHC-BAT, 2025 WL 2677089 (W.D. Wash. Sept. 17, 2025)— there is no evidence in the record that ICE targeted Petitioner arbitrarily or relied on pretextual allegations of supervision violations to justify his arrest after the fact. Instead, ICE re-detained Petitioner only after he was arrested on separate criminal charges. *See* Dkt. 9 ¶¶ 7–8. However, even where a pre-deprivation hearing is unnecessary, § 1226 "does still require *some* process—namely, that there be an individualized determination regarding the noncitizen's dangerousness or risk of flight." *O.F.C. v. Almodovar*, No. 25-CV-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026). And where the government has revoked a "form[] of conditional liberty" previously granted to a noncitizen, due process requires at least a "prompt post-arrest hearing." *See id.* at *8–14; *Caglar v. Wamsley*, No. 2:26-CV-00787-TMC, 2026 WL 1123515, at *3–5 (W.D. Wash. Apr. 24, 2026).

Application of the *Mathews* framework does not, as Federal Respondents urge, compel a different result. *Mathews* requires courts to consider (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

First, Federal Respondents suggest that Petitioner's private liberty interest is diminished because he was never admitted to the United States and had previously enjoyed only "conditional release granted solely at the discretion of [ICE]." Dkt. 8 at 7. But as the Supreme Court has recognized, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause.

*Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The fact that Petitioner, who lived openly in the United States for two and a half years prior to his re-detention, was subject to the terms of an OREC does not reduce his constitutional liberty interest.

Second, Federal Respondents maintain that the risk of an erroneous deprivation is low because "ICE possessed concrete, contemporaneous evidence of a criminal arrest, and in fact took custody of Petitioner directly from local law enforcement." Dkt. 8 at 7–8. But Petitioner is detained under a statute that entitles him to a bond hearing, and he has not yet had the opportunity to challenge his re-detention. It is not clear to the Court that Petitioner's pending criminal charges—for evading and failing to stop at a weigh station—present the kind of public safety threat or flight risk that would justify continued detention. In other words, even if this "pending criminal charge may constitute a change in material circumstances . . . respondents have not refuted petitioner's assertion that he has not been provided with any opportunity to address the bases asserted for his re-detention." *Sandhu v. Noem*, No. 2:26-CV-00465-TLF, 2026 WL 607701, at *3 (W.D. Wash. Mar. 4, 2026).

Finally, Federal Respondents contend that the government has a "particularly weighty" interest in re-detaining a noncitizen who has been accused of a criminal offense that violates the conditions of his OREC. Dkt. 8 at 9. Federal Respondents are correct that the government has an "obvious interest" in enforcing its immigration laws, minimizing flight, and protecting the public from noncitizens who may pose a risk to public safety. *Rodriguez Diaz*, 53 F.4th 1189, 1208 (9th Cir. 2022). However, the administrative burden of a hearing is low, and the fiscal burden of a hearing is far lower than the cost of erroneously detaining someone who can be safely supervised on bond. Incarcerating a person who is not a poor bail risk "not only serves no purpose but undermines the Government's own interest in minimizing the fiscal and administrative effects of unnecessary incarceration and imposes societal costs by removing individuals from their

families, communities, and jobs." *O.F.C.*, 2026 WL 74262, at *11. Under these circumstances, the government's interest in detention supports requiring only a prompt post-deprivation hearing.

The Court concludes that in this context, "due process requires the Government to provide a prompt post-arrest hearing at which the individual can contest his detention and at which the Government bears the burden of proving by clear and convincing evidence the individual's dangerousness or risk of flight based on changed circumstances." *Id.* at *12. And while § 1226(a) typically requires a noncitizen to bear the burden of demonstrating that they are not a flight risk or danger, this Court agrees with other district courts in this Circuit that in the context of re-detention, the burden must be on the government to justify re-detention by clear and convincing evidence. Because "it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025); *see also, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034, 1038 (N.D. Cal. 2025); *Singh v. Noem*, No. 2:26-CV-00246-BAT, 2026 WL 592265, at *3 (W.D. Wash. Mar. 3, 2026).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART and DENIED IN PART.

2. Petitioner Radzhabali Shcralishocvich Azimov's re-detention without a prompt post-arrest hearing and notice of said hearing violates the Due Process Clause of the Fifth Amendment.

3. Within 14 days of this Order, Respondents must either release Petitioner under the terms of his previous OREC or provide him a bond hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence his dangerousness or risk of flight based on changed circumstances. The hearing must be recorded.

4. This deadline does not prevent an Immigration Judge from granting a continuance in Petitioner's bond proceedings at his request.

5. If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of September, 2026.

Tiffany M. Cartwright
United States District Judge